**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4473**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MALIK JAMAL FOREMAN,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Malcolm J. Howard, Senior District Judge.  (2:10-cr-00026-H-1)

Submitted:  January 31, 2013          Decided:  March 21, 2013

Before MOTZ, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph A. DiRuzzo, III, FUERST ITTLEMAN DAVID & JOSEPH, PL, Miami, Florida, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malik Jamal Foreman pleaded guilty to distribution of more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). His attorney has filed an Anders v. California, 386 U.S. 738 (1967), brief stating that there are no meritorious issues for appeal, but questioning whether the sentence was reasonable. Foreman filed a pro se supplemental brief claiming counsel on his first direct appeal was ineffective in filing a motion to remand for resentencing instead of filing a merits brief. He also alleges ineffective assistance of counsel at re-sentencing for failing to argue sentencing errors from the first sentencing, including drug amount that was not corroborated and the application of 21 U.S.C. § 851 (2006) to his sentence. The Government has not filed a brief. We affirm.

Foreman's first appeal was remanded by this court and the sentence vacated for consideration of whether the Fair Sentencing Act (FSA) should be retroactively applicable to Foreman's sentence. On remand, the district court applied the FSA retroactively, and, applying the sentencing enhancements under 21 U.S.C. §§ 841, 851 (2006), found the Sentencing Guidelines range to be 121-151 months. After hearing recommendations from the parties, reviewing the 18 U.S.C. § 3553(a) (2006) factors, and discussing Foreman's criminal

2

history, the court imposed a 132-month sentence. The court found that a mid-range sentence "capture[d] the aggravating and the mitigating sentencing factors."

Although he offers no specific claims of error, counsel questions whether Foreman's sentence is procedurally and substantively reasonable. This court reviews a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to inspect the sentence for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence. See United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. If the sentence is within the Guidelines range, this court presumes on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

Here, the district court properly calculated Foreman's Guidelines sentence and then imposed a sentence within the

3

Guidelines range. Neither party objected to the Guidelines range, and the court provided sufficient reasoning supporting its decision. Specifically, the district court noted Foreman's criminal history and continued return to drug trafficking even after serving a ten-year sentence. The district court imposed a sentence at the middle of the Guidelines range of 132 months. We conclude that the court set forth a sufficiently developed rationale to support the sentence, and there was no procedural error. Regarding the substantive reasonableness of Foreman's sentence, the district court's imposition of a sentence within the Guidelines range is presumptively reasonable and Foreman has not rebutted that presumption.

We have reviewed the issues Foreman raised in his pro se supplemental brief and conclude that they are without merit. Foreman raised ineffective assistance of counsel of his first appellate attorney because he filed a motion to remand for re-sentencing in light of the FSA instead of raising sentencing errors at the first sentencing. This claim is based on a misunderstanding of the appellate and re-sentencing process. Because this court vacated the sentence and remanded, the sentencing process began anew.

Next, Foreman contends that he did not receive effective assistance of counsel when counsel at re-sentencing did not object to the drug quantity used to calculate his

4

sentence or the application of the increased mandatory minimum under § 851. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

To demonstrate ineffective assistance, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 692, 694 (1984).

First, as to drug quantity, at the first sentencing hearing counsel objected to the quantity attributed based on uncorroborated testimony from one witness and videotape of one controlled buy that Foreman participated in and was the subject of the count to which he pled guilty. Our review of the record confirms that the Government established the relevant drug

5

quantity by a preponderance of the evidence. We therefore conclude that the district court's assessment was not error and either reviewed on the merits or as an ineffective assistance of counsel claim, the claim fails.

Next, Foreman argues that he should not have been subject to the § 851 enhancement because the prosecutor acted arbitrarily in filing the information after Foreman refused to plead guilty to the conspiracy count and the Government subsequently dismissed the count before discovery was completed. Presumption of prosecutorial vindictiveness is not warranted in this case where there was no actual evidence of vindictiveness and absent such a presumption of vindictiveness no due process violation can be established. United States v. Goodwin, 457 U.S. 368, 380-84 (1982). The court therefore did not err in denying this objection at the first sentencing hearing and Foreman would be unable to demonstrate prejudice from the record before the court on an ineffective assistance claim.

Finally, Foreman alleged that he did not have a predicate conviction under § 851 after this court decided United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether prior offense constitutes felony) and counsel was ineffective for failing to raise this objection at the re-sentencing hearing. Simmons had

6

been pending on appeal during Foreman's first sentencing. His sentence was enhanced based on a 2000 conviction in New York State for attempted criminal sale of a controlled substance-third degree. Foreman received a sentence of six months of custody-suspended and one year of probation.

Under New York law, criminal sale of a controlled substance in the third degree is a class B felony. N.Y. Penal Law § 220.39 (McKinney 2006). An attempt to commit a class B felony is a class C felony. N.Y. Penal Law § 110.05 (McKinney 2006). A class C felony is punishable by a maximum of fifteen years of imprisonment and a minimum of one year. N.Y. Penal Law §§ 70.00, 70.70 (McKinney 2007).

At his initial sentencing, counsel objected to the offense qualifying as a predicate felony because Foreman did not receive an imprisonment term of a year or more. However, Foreman's attempt to sell a controlled substance was punishable by one year or more of imprisonment, and thus was a qualifying predicate for career offender sentencing. Although the penal code permits a first time offender convicted of a class C felony to receive as little as a parole supervision sentence, Foreman could have received a sentence of up to fifteen years. See N.Y. Penal Law §§ 70.00, 70.70. Therefore, even after Simmons, Foreman's conviction may qualify as a predicate offense. We note, however, that the information in the PSR is very limited

7

about the conviction. Nonetheless, we conclude, that even if the conviction no longer qualifies under § 851, there is no indication in the record that the district court's sentencing decision was affected by the enhanced statutory minimum sentence of 120 months. The lowest end of the Guidelines range exceeded the statutory minimum and the court expressed its desire to sentence Foreman in the mid-range, and subsequently did so. Therefore, any procedural sentencing error would be harmless. See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir.), cert. denied, 132 S. Ct 454 (2011) (holding procedural error is harmless where the court would have reached the same result had the Guidelines issue been decided the other way and the sentence imposed would be reasonable even if contested issue decided in defendant's favor). Therefore, on the record before the Court, Foreman's claims related to the § 851 enhanced minimum fail both directly on the merits and as an ineffective assistance claim.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Foreman's conviction and sentence. This court requires that counsel inform Foreman, in writing, of the right to petition the Supreme Court of the United States for further review. If Foreman requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Foreman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

9